## W. D SHORT, ET AL. VS. THE STATE.

Appeal from Collin county.

Jenkins, Thomas & Abernathy, for the appellants.

Assistant Attorney General Burts, for the State.

*Scire Facias—Pleading.*—The effect of a general denial is to put in issue all the material issuable allegations in plaintiff's petition. In a proceeding upon a forfeited bail bond the citation serves the purpose of a petition, and a general denial thereto puts in issue all the allegations constituting the State's cause of action, and casts upon the State the burden of proof. Wherefore it was error to hold that such a proceeding involved no question of fact.

*Practice.—Right of Trial by Jury* is declared by the Bill of Rights (Sec. 15.) to be inviolate. In criminal cases the only mode of trial of an issue of fact is by jury, except in specially enumerated cases. (C. C. P. Art. 594.) Proceedings in forfeited bail cases, after judgment *nisi* and the issuance of citation, are the same as in civil suits, except where otherwise specially provided by statute (13 Texas Ct. App., 555;) and in civil cases, either party is entitled to a trial by jury upon complying with the requirements of the law. (Rev. St. Art. 3061.) The appellants having complied with the requirements of the law, it was error to refuse them a trial by jury.

*Arrest.*—When a sheriff or other peace officer has arrested a person upon the warrant of a magis'rate for felony, it is the duty of such officer to take the arrested party before the magistrate named in the warrant. In such cases the officer has no power to take bail.

Judgment reversed and remanded. Willson, Judge.